Peter C. Kelly, II, Esq. (014503) (pkelly@hoklaw.com)
Jesse M. Showalter, Esq. (026628) (jshowalter@hoklaw.com)
Leslie Rakestraw, Esq. (010697) (lrakestraw@hoklaw.com)
**HOLLOWAY ODEGARD & KELLY, P.C.**
3101 North Central Avenue, Suite 1200
Phoenix, Arizona 85012    **(165-043)**
Phone: (602) 240-6670
Fax:     (602) 240-6677

Attorneys for Defendant Horton Archery, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cheri Garcia, individually,<br><br>          Plaintiff,<br><br>     v.<br><br>Horton Archery, LLC, a foreign corporation; John and Jane Does I-X; Black Corporations I-X; White Partnership I-X;<br><br>          Defendants. | Case No: 3:12-cv-08062-MHB<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Magistrate Judge Michelle H. Burns)** |

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, Defendant Horton Archery, LLC, moves the Court for summary judgment in its favor and against Plaintiff on the issue of liability.

Plaintiff was injured when the bowstring of a Horton Archery, LLC ("Horton") crossbow that her husband was using broke and hit her in the eye. Plaintiff has no evidence showing that the crossbow was defective in its design or manufacture. Instead, she claims that the crossbow should have contained different warnings. Plaintiff cannot, however, show that the allegedly inadequate warning rendered the crossbow defective or that the warning caused her injuries. *See Gosewisch v. American Honda Motor Co., Inc.,* 153 Ariz. 400, 403; 737 P.2d 376 (1987).

Plaintiff's negligence claims fail for the same reason. Plaintiff cannot show that Horton was negligent, or that any allegedly negligent act attributable to Horton caused her injuries.

Plaintiff's breach of the implied warranty of merchantability claim fails because Plaintiff lacks privity and cannot show that the crossbow was not fit for its intended use.

There are no disputed facts and Horton is entitled to summary judgment on all claims against it in Plaintiff's First Amended Complaint ("FAC"):

> Count One: Strict Products Liability **[Plaintiff's FAC, p. 3.]**
>
> Count Three: Strict Products Liability-Inadequate Warning **[FAC, p. 4.]**
>
> Count Five: Breach of Implied Warranty of Merchantability **[FAC, p. 5.]**
>
> Count Seven: Negligence **[Plaintiff's FAC, p. 6.]**

This motion is supported by the following Memorandum of Points and Authorities, and by Horton's separately filed statement of facts.

**DATED** this 17th day of October, 2014.

**HOLLOWAY ODEGARD & KELLY, P.C.**

By  *s/Peter C. Kelly*
Peter C. Kelly, II
Jesse M. Showalter
Leslie Rakestraw
3101 North Central Avenue, Suite 1200
Phoenix, Arizona 85012
***Attorneys for Defendant Horton Archery, LLC***

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **FACTUAL BACKGROUND:**

On October 10, 2010, Plaintiff Cheri Garcia was injured while her husband ". . . attempted to use a newly purchased crossbow manufactured by Defendant Horton Archery." **[SOF ¶1.]** Plaintiff and her husband, Michael Garcia, went to the Seven Mile

2

Hill Shooting Range that day so Michael could use his new crossbow for the first time. **[SOF ¶¶11, 12, 13.]**

### A. How the accident happened:

Plaintiff was standing to Michael's right, and slightly behind him as he fired the crossbow. **[SOF ¶15.]** She was just one and one half feet away from him. **[SOF ¶16.]** After about ten to thirteen shots, Michael loaded an arrow, pulled the trigger on the crossbow, and the bowstring broke. **[SOF ¶¶14, 17.]** The broken bowstring hit Plaintiff's left cheek, nose, and right eye, resulting in the loss of the eye. **[SOF ¶18.]**

### B. Why the accident happened:

Plaintiff's expert, David Bosch, Ph.D., has not found any defect in the crossbow itself. **[SOF ¶19.]** Dr. Bosch opines, and Horton agrees, that if Plaintiff had not been standing where she was standing, she would not have been injured. **[SOF ¶26.]** Dr. Bosch's only opinion on causation is the speculative conclusion that if Horton had used different warnings, Plaintiff's husband would not have allowed Plaintiff to be in harm's way. **[SOF ¶27.]**

## II. LEGAL ARGUMENT:

As a matter of law, Horton is not liable for Plaintiff's injuries under any theory. Plaintiff cannot prevail on her strict products liability claims because she has provided no evidence showing that the Horton crossbow contained a manufacturing defect or a design defect.

Plaintiff's inadequate warning theory fails because Plaintiff cannot show: (a) that the warnings provided with the crossbow rendered it dangerous or defective; or (b) that the allegedly inadequate warnings caused her injuries. Plaintiff's breach of the implied warranty of merchantability claim fails because neither Plaintiff nor her husband are in contractual privity with Horton. Finally, Plaintiff's negligence claims fail because she cannot show that Horton was negligent or that any negligent act attributable to Horton was the cause of her injuries.

3

### A. Plaintiff cannot show that the crossbow had either a manufacturing or design defect.

In order to make a *prima facie* case of strict products liability a plaintiff must show (a) that when the product left the defendant's control it was in a defective condition that made it unreasonably dangerous and (b) that the defect was a proximate cause of plaintiff's injuries. *Jimenez v. Sears, Roebuck and Company,* 183 Ariz. 399, 402; 904 P.2d 861 (1995).

Plaintiff's liability expert, Dr. David Bosch, testified that he did not find any design or manufacturing defect in the Horton crossbow. **[SOF ¶¶ 19, 21.]** The ten opinions articulated by Dr. Bosch in his 75-page report involve information defect claims – the adequacy or inadequacy of the warnings that came with the product. **[SOF ¶22.]** **Nowhere** does he claim that there is defect in the design or manufacture of the crossbow. **[SOF ¶20.]**

Given Dr. Bosch's failure to find a defect, Plaintiff cannot show that the Horton crossbow was in a **defective** condition that was **unreasonably dangerous** to the consumer. *Scheller v. Wilson Certified Foods, Inc.,* 114 Ariz. 159, 162; 559 P.2d 1074 (1977). [Emphasis in original.] Accordingly, Horton is entitled to summary judgment on Plaintiff's strict products liability claim.

### B. Horton is not liable under a products liability theory of inadequate warning because Plaintiff cannot show that the allegedly inadequate warnings rendered the crossbow defective or that that the alleged failure to warn was a proximate cause of Plaintiff's injury.

In order to establish a *prima facie* case of strict products liability based on an information defect, a plaintiff has "the burden of proving that [the defendant] had a duty to warn of [a specific danger]; that lack of an adequate warning made the [product] defective and unreasonably dangerous; that the [product] lacked adequate warnings when it left [the defendant's] control; and that the failure of [defendant] to give an adequate warning proximately caused plaintiff's injuries. *Gosewisch v. American Honda Motor Co., Inc.,* 153 Ariz. 400, 403; 737 P.2d 376 (1987). Failure to prove any one of these elements is fatal. *Id.*

Plaintiff cannot show any of these elements. Plaintiff's expert, Dr. Bosch, has three opinions regarding Horton's warnings:

> The Horton Archery warnings printed on the accident crossbow are inadequate, ineffective and improperly designed. **[SOF ¶23a.]**
>
> The Horton Archery warnings printed in its Owner's Manual are inadequate, ineffective and improperly designed. **[SOF ¶23b.]**
>
> The Horton Archery warnings do not address the danger associated with the use of its cocking mechanism, specifically the cocking sled rope failure. **[SOF ¶23c.]**

Dr. Bosch's third opinion, regarding the cocking mechanism, is immaterial to this lawsuit because Dr. Bosch has admitted that the cocking mechanism <u>did not cause</u> Plaintiff's injuries and has nothing to do with this lawsuit. **[SOF ¶24.]**

This leaves only two possible theories of liability against Defendant Horton, that the warnings printed on the crossbow itself or the warnings printed in its Owner's Manual are inadequate, ineffective and improperly designed. Plaintiff's expert, Dr. Bosch, opines that "if Ms. Garcia were not in harms [sic] way, she would not have been injured with [sic] the subject bowstring fractured." **[SOF ¶25.]** Dr. Bosch testified that Plaintiff should not have been standing where she was standing. **[SOF ¶26.]**

### 1. <u>Plaintiff cannot show that Horton's warnings as written made the crossbow unreasonably dangerous.</u>

In support of the information defect claim, Plaintiff's expert has proffered what he claims is a more effective warning for the Horton crossbow. Plaintiff's "ideal" warning, however, is insufficient to demonstrate that Horton's actual warnings on the crossbow and in the manual rendered the crossbow unreasonably dangerous. The fact that it is possible to make alternative warnings or to improve on warnings is not evidence that an existing warning is unreasonably dangerous.

Michael Garcia testified that he has used crossbows as well as other weapons his entire life, and considered himself experienced with a crossbow. **[SOF ¶¶ 2-3.]** Plaintiff had been to the shooting range where the accident happened twice before this incident. **[SOF ¶4.]** Plaintiff owned firearms herself and was planning on doing some shooting with her rifle at the shooting range. **[SOF ¶¶5, 12.]**

In the days prior to the accident, Mr. Garcia read the instruction booklet that came in the box with the crossbow **several times.  [SOF ¶8.]**  Page four of the instruction booklet states:

> **Never, under any circumstances, shoot your crossbow while behind or directly alongside others.**  If the crossbow was to malfunction, injuries may result to those who are standing directly alongside the crossbow.

**[SOF ¶10.]**

There is no evidence that this warning, as given, rendered the crossbow unreasonably dangerous.  [**SOF ¶¶ 19, 20, 21, 22, 23.**]  Nor is there any explanation for why it was insufficient to warn Mr. Garcia not to use the crossbow in close proximity to his wife. Had Mr. Garcia heeded this warning, which he admitted reading, his wife would not have been injured.

Dr. Bosch has performed no testing or experimentation on the effect of the existing warning.  **[SOF ¶ 32.]**  Thus, Dr. Bosch has no evidentiary basis for opining on the effect of the warning as written in either a laboratory setting, or in practice.  Nor, for that matter, can Dr. Bosch explain, based on falsifiable evidence subject to the scientific method, why Mr. Garcia failed to heed the existing warning. Instead, Dr. Bosch simply asserts that the warning is inadequate and blames it for Plaintiff's injuries.  **[SOF ¶ 33.]**

For this reason alone, Plaintiff's claim of inadequate warning must fail.  An expert's testimony regarding the adequacy of warnings is not admissible unless derived from testing by the scientific method.  *Cummins v. Lyle Industries,* 93 F.3d 362, 370 (7th Cir. 1996).  In *Cummins,* the court found that the expert lacked a reliable basis for his proposed opinion which was predicated on his own untested observations. *Cummins,* at 367.

Plaintiff's husband was experienced with a crossbow and had read Horton's Owner's Manual several times just a few days before the accident happened.  **[SOF ¶¶3, 4.]**  The suppositions of Plaintiff's expert are not sufficient to demonstrate that Horton's warning was inadequate or to survive summary judgment.

6

### 2. Plaintiff cannot show that Dr. Bosch's proposed warning is better than the existing warning or that it would have prevented Plaintiff's injuries.

Plaintiff has presented no evidence that the failure of Horton to give an adequate warning, either on the crossbow or in the Owner's Manual, proximately caused Plaintiff's injuries. To prove causation in a failure-to-warn claim, a plaintiff is required to present evidence that if the defendant had issued a proper warning, plaintiff would have taken precautions to avoid the accident. *Golonka v. General Motors Corporation,* 204 Ariz. 575; 65 P.3d 956, 965 (App. 2003).

Dr. Bosch has never been hired by a manufacturer to design a warning for a product. **[SOF ¶35**.] Dr. Bosch did not perform any tests to prove or disprove his opinion that the warning he designed would be effective. **[SOF ¶34.]** Dr. Bosch never tested the warning that he designed on any consumers. **[SOF ¶34.]**

Plaintiff was standing within one and one-half feet of her husband as he was firing his new crossbow. **[SOF ¶11.]** Dr. Bosch's only opinion regarding causation is that if the warnings had been properly designed it is more probable than not Mr. Garcia would not have allowed Ms. Garcia to be in harm's way. **[SOF ¶28.]** The entire basis for this opinion is Michael Garcia's testimony that he read Horton's Owner's Manual several times. **[SOF ¶29.]**

An expert's testimony regarding the adequacy of warnings requires a reliable basis other than his own untested observations. *Cummins v. Lyle Industries,* 93 F.3d 362, 367 (7th Cir. 1996). Horton is entitled to summary judgment on Plaintiff's unsupported claim that an information defect rendered its crossbow unreasonably dangerous.

### C. Horton Archery is not liable under a breach of implied warranty of merchantability theory because Plaintiff lacks privity with Horton.

Count Five of Plaintiff's First Amended Complaint alleges that Horton breached the implied warranty of merchantability and that the crossbow was not fit for its intended uose. **[FAC, p. 6.]** In Arizona, the lack of privity of contract between the plaintiff and the defendant manufacturer bars recovery for an alleged breach of the implied warranty of

7

merchantability. *Flory v. Silvercrest Industries, Inc.,* 129 Ariz. 574, 578; 633 P.2d 383, 387 (1981).

Neither plaintiff, nor her husband are in privity with Horton. Michael Garcia, bought the Horton crossbow through the Internet from a distributor. **[SOF ¶¶6, 7.]** Michael Garcia would have had to have bought the crossbow from Horton in order for Plaintiff to recover under a breach of warranty of merchantability theory.

The Arizona courts have recognized that an action styled as a "breach of implied warranty" to recover damages for physical injury to a person is in essence an action based on strict liability in tort. *Flory v. Silvercrest Industries, Inc., supra,* 129 Ariz. at 579; 633 P.2d 388 (and cases cited therein). In other words, the implied warranty claim merges into the claim of strict liability in tort, so that the plaintiff's claim stands or falls on the strict liability claim. *Parcell v. Wright Medical Technology, Inc.,* No. CV12-0368-PHX-JAT (D. Ariz. July 6, 2012).

Defendant Horton is entitled to summary judgment as a matter of law on Plaintiff's claim that Horton breached the implied warranty of merchantability since Plaintiff has no separate claim from her strict products liability claim based on an information defect.

**D.** **Horton is not liable under a negligence theory because Plaintiff has failed to prove that Horton fell below the acceptable standard of care.**

In an action for negligence, a plaintiff has the burden of proving: "(1) a duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure on defendant's part to conform to the standard required; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage." *Ontiveros v. Borak,* 136 Ariz. 500, 504; 667 P.2d 200, 204 (1983) (citing William L. Prosser, *Handbook of the Law of Torts* §30, at 143 (4th ed. 1971)).

Plaintiff has alleged six negligence theories against Defendant Horton Archery. Three of those theories claim that the crossbow was negligently designed or manufactured, and three of those theories involve claims of inadequate warnings.

### 1. Plaintiff cannot show that the crossbow was negligently manufactured or designed:

Plaintiff alleges that Horton Archery was negligent because:

> Horton failed to maintain, design, manufacturer, produce, distribute, and sell the crossbow in a way that would have prevented it from malfunctioning and causing injury to Plaintiff.  **[Plaintiff's FAC, ¶43(a).]**

> Horton failed to maintain, design, manufacturer, produce, distribute, and sell the crossbow with adequate safety precautions that would prevent malfunction.  **[Plaintiff's FAC, ¶43(c).]**

> Horton failed to ensure that its crossbows were safe for consumers and bystanders and specifically to Plaintiff.  **[Plaintiff's FAC, ¶43(f).]**

Plaintiff has failed to produce any evidence that the crossbow was improperly maintained, designed, manufactured, produced, distributed, or sold.  Plaintiff's only liability expert, David R. Bosch, Ph.D., has not found any defect in the crossbow itself. **[SOF ¶¶19, 20.]**   Therefore, Plaintiff has failed to prove any of her three design or manufacturing claims.

### 2. Plaintiff cannot show that a failure to warn caused her injuries:

Plaintiff alleges that Horton Archery was negligent because:

> Horton failed to maintain, design, manufacturer, produce, distribute, and sell the crossbow with adequate warning that it could malfunction and cause injury to consumers and bystanders, including Plaintiff.  **[Plaintiff's FAC, ¶43(b).]**

> Horton failed to maintain, design, manufacturer, produce, distribute, and sell the crossbow with adequate warning and instruction that would allow users to determine if the crossbow was properly assembled in such a manner that would prevent malfunction.  **[Plaintiff's FAC, ¶43(d).]**

> Horton failed to give, maintain, design, manufacturer, produce, distribute, and sell the crossbow with adequate instructions and warnings of the procedure that should be

9

>followed when assembling and using the crossbow in a safe manner. **[Plaintiff's FAC, ¶43(e).]**

Plaintiff was injured when the bowstring of the Horton crossbow that her husband was using broke and hit Plaintiff in the eye. There is no evidence in this case that the crossbow was not properly assembled. Dr. Bosch has not found any defect in the crossbow nor does his report mention any problems with the assembly of the crossbow. **[SOF ¶¶19, 20.]** Plaintiff's expert's opinions only concern the adequacy or inadequacy of the warnings on usage of the crossbow and the potential for injury to bystanders. **[SOF ¶¶22, 23.]**

Under Arizona law, when a negligence claim is based on a failure-to-warn theory, a plaintiff is required to "prove that a manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care, i.e., what a reasonably prudent manufacturer would have known and warned about." *D'Agnese v. Novartis Pharmaceuticals Corporation,* No. CV-12-00749-PHX-JAT (D. Ariz. July 2, 2013).

There is no evidence in this case that Horton knew or should have known that the crossbow would malfunction in a manner it did not warn about or that a consumer would blatantly disregard the warnings of possible malfunction that Horton did warn about. Defendant Horton is entitled to summary judgment as a matter of law on Plaintiff's claim of negligence.

## III.  CONCLUSION:

There are no material disputed facts, and Horton is entitled to summary judgment against Plaintiff as a matter of law. Horton respectfully requests that the Court grant its Motion for Summary Judgment and expressly make the following findings:

>1. Horton is not liable to Plaintiff under a strict products liability theory because Plaintiff's expert could find no defect in Horton's crossbow.
>
>2. Horton is not liable to Plaintiff under a strict products liability theory of inadequate warning because Plaintiff has

produced no admissible evidence that any specific failure to warn was the proximate cause of her injuries.

3. Horton is not liable to Plaintiff under a breach of implied warranty of merchantability theory because Plaintiff's injury claim merges into her strict liability claims.

4. Horton is not liable to Plaintiff under a negligence theory because there is no evidence of a design or manufacturing defect or what a reasonably prudent manufacturer would have known and warned about.

**DATED** this 17th day of October, 2014.

                **HOLLOWAY ODEGARD & KELLY, P.C.**

        By  *s/Peter C. Kelly*
            Peter C. Kelly, II
            Jesse M. Showalter
            Leslie Rakestraw
            3101 North Central Avenue, Suite 1200
            Phoenix, Arizona 85012
            *Attorneys for Defendant Horton Archery, LLC*

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of October, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Timothy G. Tonkin
PHILLIPS LAW GROUP, P.C.
20 E. Thomas Road, Suite 2500
Phoenix, Arizona   85012
Phone:  602-258-8900
Fax:     602-279-9155
timt@phillipslaw.com
***Attorneys for Plaintiff Garcia***

I further certify that on this 17th day of October, 2014, I **emailed/mailed** a courtesy copy of the attached document with the transmittal of a Notice of Electronic Filing to the following:

Magistrate Michelle H. Burns
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 623
401 West Washington Street, SPC 58
Burns_chambers@azd.uscourts.gov


_s/Genna Zappia_